IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EVAN FOSTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:25-cv-522 |
| § | |
| REDEMPTION RANCH OUTREACH, § | |
| INC., D/B/A PADRES PLACE § | |
| RECOVERY, AND MICHAEL § | |
| HOUSEHOLDER, INDIVIDUALLY, § | |
| | |
| Defendants | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Evan Foster ("Plaintiff") brings this unpaid minimum wage and unpaid overtime suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, he respectfully shows as follows:

### I.  NATURE OF SUIT

1. Defendant Redemption Ranch Outreach, Inc. d/b/a Padres Place Recovery ("Redemption Ranch") and its owner, Defendant Michael Householder ("Householder") (collectively "Defendants"), have violated the FLSA by purposefully classifying Plaintiff as an independent contractor and by failing to pay Plaintiff in accordance with the guarantees and protections of the FLSA.

2. Defendants paid Plaintiff an effective regular rate of less than $2.77 over the course of his employment and are therefore in violation of the FLSA's minimum wage provisions.

3. Defendants have also failed and refused to pay Plaintiff at time-and-one-half his regular rates of pay for all hours worked in excess of forty hours per workweek.  This is in spite of the fact that

Defendants had full knowledge that Plaintiff was an employee, not an independent contractor, and that Plaintiff consistently worked over forty hours per workweek.

## II.  PARTIES

4. Plaintiff Evan Foster is a Texas resident and resides within this judicial district.

5. Defendant Redemption Ranch Outreach, Inc. is a domestic nonprofit corporation.

6. Redemption Ranch's registered agent for service of process is Rocket Lawyer Corporate Services, LLC, which may be served at 14001 W Hwy 29, Suite 102, Liberty Hill, Texas 78642.

7. At all times relevant to this claim, Redemption Ranch was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

8. Michael Householder is the owner and President of Redemption Ranch, and he may be served at 2700 AN County Rd. 453, Palestine, Texas 75803, or wherever else he may be found.

9. At all times relevant to this claim, Michael Householder was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

10. Michael Householder employed Foster individually.

11. Michael Householder was an employer of Foster as defined by 29 U.S.C. §203(d).

12. Michael Householder acted directly or indirectly in the interest of Redemption Ranch Outreach, Inc. in relation to Foster's employment.

13. Michael Householder exercised managerial responsibilities and substantial control over employees of Redemption Ranch Outreach, Inc., including Foster.

14. Michael Householder exercised managerial responsibilities and substantial control over the terms and conditions of employees of Redemption Ranch Outreach, Inc., including the terms and conditions of Foster's employment.

15. Michael Householder had and exercised his authority to hire, fire and direct employees of Redemption Ranch Outreach, Inc., including Foster.

16. Michael Householder had and exercised his authority to supervise and control the employment relationships and work schedules of employees of Redemption Ranch Outreach, Inc., including Foster.

17. Michael Householder had and exercised his authority to set and determine the rate and method of pay of employees of Redemption Ranch Outreach, Inc., including Foster.

18. Michael Householder had and exercised his authority to decide whether employees of Redemption Ranch Outreach, Inc., including Foster, received overtime compensation and were paid according to their promised rates for all hours worked.

19. Michael Householder also kept and maintained employment records for employees of Redemption Ranch Outreach, Inc., including Foster.

### III.  JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

21. Venue is proper in the Tyler Division of the Eastern District of Texas, as Redemption Ranch's primary office is in this District and Division.

22. Plaintiff was an employee of Defendants and performed work for Defendants in this jurisdiction. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division.  28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV.  COVERAGE UNDER THE FLSA

23. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer concerning Plaintiff.

24. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Defendant Redemption Ranch has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Redemption Ranch is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Plaintiff was considered to be an "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

28. As an employee of Defendants, Plaintiff handled items such as cell phones and computers, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

29. Defendants provide residential alcohol and drug addiction treatment and recovery services at their facility located in Athens, Texas.

30. Defendants employed Mr. Foster as a House Manager.

31. Defendants hired Mr. Foster to assist them in providing services to the residents at the facility.

32. Defendants paid Mr. Foster $1,200 once a month.

33. In other words, Defendants paid Mr. Foster $277.13 per week.

34. If Mr. Foster worked more than 37 hours per week, his regular rate would have been below minimum wage.

35. However, Mr. Foster did not work 37 hours per week.

36. In fact, Mr. Foster typically and routinely worked well over 100 hours per week.

37. At just 80 hours per week, Mr. Foster's regular rate would have been $3.46 per hour.

38. At 100 hours per week, his regular rate would have been $2.77 per hour.

39. Defendants did not pay Mr. Foster minimum wage.

40. Defendants also treated Mr. Foster as an independent contractor.

41. Defendants treated Mr. Foster as an independent contractor, even though Defendants provided him with all the equipment he used in performing his duties as a House Manager.

42. Defendants treated Mr. Foster as an independent contractor even though they controlled his schedule.

43. Defendants treated Mr. Foster as an independent contractor even though Defendants determined when and where Mr. Foster performed work for Defendants.

44. Defendants treated Mr. Foster as an independent contractor even though he was required to attend company meetings.

45. Defendants treated Mr. Foster as an independent contractor even though he reported directly to the owner, Michael Householder.

46. Defendants treated Mr. Foster as an independent contractor even though he performed the same duties as company employees.

47. Defendants treated Mr. Foster as an independent contractor even though Defendants employed him continuously from September 8, 2024, through November 4, 2025.

48. Defendants treated Mr. Foster as an independent contractor even though he worked solely for Defendants during the term of his employment.

49. Defendants never paid Mr. Foster overtime premiums for any hours worked over forty per week.

50. Mr. Foster brought up the issue of unpaid overtime to Defendants, but Defendants told him they did not pay overtime compensation.

51. Because Mr. Foster was not an independent contractor, Defendants were required to pay Mr. Foster overtime premiums for all hours worked over forty hours per week.

52. Because Mr. Foster was not an independent contractor, Defendants were required to pay Mr. Foster minimum wage for all hours worked under forty hours per week.

53. Defendants were fully aware of their obligations to pay minimum wage to employees such as Mr. Foster.

54. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Mr. Foster.

55. Defendants purposefully ignored their obligations to pay minimum wage and overtime compensation to Mr. Foster.

56. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation to Mr. Foster.

## VI.  CAUSE OF ACTION:

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

57. Plaintiff incorporates all allegations in paragraphs 1 through 56 as though fully set forth herein

58. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Plaintiff, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above,

for workweeks longer than 40 hours, without compensating such employees, including Plaintiff, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Plaintiff, were employed. Defendants have also violated 29 U.S.C. § 201 et seq. by failing to pay Plaintiff minimum wage for all hours worked during his employment. No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff minimum wage for all hours worked during his employment.

59. In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

60. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime and minimum wage compensation.

61. This willfulness is evident in, among other things, Defendants' statement that they did not pay overtime after Plaintiff complained about Defendants' failure to pay him overtime wages.

62. Plaintiff is entitled to liquidated damages for such conduct.

63. Foster seeks all unpaid overtime and minimum wage compensation, and additional equal amounts as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII.  PRAYER FOR RELIEF

Plaintiff Evan Foster prays for judgment against Defendants Redemption Ranch Outreach, Inc. and Michael Householder, individually, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b.        For an Order awarding Plaintiff reasonable attorney's fees, costs, and expenses of this action, including expert witness costs, as provided by the FLSA;

    c.        For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

    d.        For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., and

    e.        For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
505 E. Magrill
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**