IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EVAN FOSTER,<br>*Plaintiff,*<br><br>v.<br><br>REDEMPTION RANCH OUTREACH, INC., D/B/A PADRES PLACE RECOVERY, AND MICHAEL HOUSEHOLDER, INDIVIDUALLY,<br>*Defendants.* | § § § § § § § § § § § § | Civil Action No. 6:25-cv-00522-JDK |

### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Redemption Ranch Outreach, Inc. d/b/a Padres Place Recovery ("Redemption Ranch") and Michael Householder, Individually (collectively "Defendants"), file this Original Answer and Affirmative Defenses and would respectfully show as follows:

### I.     NATURE OF SUIT

1.     Defendants deny that they violated the FLSA. Defendants specifically deny that Plaintiff was misclassified as an independent contractor or that any such classification was "purposeful" in violation of applicable law. Defendants deny all remaining allegations in this paragraph.

2.     Defendants deny the allegations contained in this paragraph, including any characterization of Plaintiff's alleged effective rate of pay, and deny that they violated the FLSA's minimum wage provisions.

3.     Defendants deny the allegations contained in this paragraph.

## II.     PARTIES

4. Defendants admit that Plaintiff Evan Foster claims to be a Texas resident. Defendants are without sufficient knowledge or information to form a belief as to Plaintiff's exact place of residence and therefore deny the remaining allegations in this paragraph.

5. Defendants admit that Redemption Ranch Outreach, Inc. is a domestic nonprofit corporation.

6. Defendants admit that Redemption Ranch's registered agent is Rocket Lawyer Corporate Services, LLC. Defendants deny any remaining allegations in this paragraph.

7. Defendants deny the allegations contained in this paragraph.

8. Defendants admit that Michael Householder is the owner and President of Redemption Ranch Outreach, Inc. and that he may be served at the address listed. Defendants deny all remaining allegations in this paragraph.

9. Defendants deny that Michael Householder was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d) at all times relevant to this claim. Defendants deny all remaining allegations in this paragraph.

10. Defendants deny the allegations contained in this paragraph.

11. Defendants deny the allegations contained in this paragraph.

12. Defendants admit that Michael Householder, as President of Redemption Ranch Outreach, Inc., acted in the interest of the organization in connection with its operations generally. Defendants deny the characterization that such conduct constitutes "employment" of Plaintiff within the meaning of the FLSA and deny all remaining allegations in this paragraph.

13. Defendants admit that Michael Householder, as President, exercises general managerial responsibilities over the organization. Defendants deny that such responsibilities extended

to Plaintiff in the manner alleged or that they constitute employer status under the FLSA. Defendants deny all remaining allegations.

14. Defendants deny the allegations contained in this paragraph.

15. Defendants admit that Michael Householder, as President, generally has authority over personnel decisions of Redemption Ranch. Defendants deny that such authority was exercised over Plaintiff in the capacity alleged or that it establishes employer status under the FLSA. Defendants deny all remaining allegations.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants deny the allegations contained in this paragraph.

18. Defendants deny the allegations contained in this paragraph.

19. Defendants admit that certain records relating to individuals associated with Redemption Ranch may have been maintained. Defendants deny that Plaintiff's records, if any, constituted "employment records" as contemplated by the FLSA.

## III.     JURISDICTION AND VENUE

20. Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 to the extent Plaintiff asserts claims arising under federal law. Defendants reserve all defenses as to the merits of those claims. Defendants admit that this Court has personal jurisdiction over the parties for purposes of this action.

21. Defendants admit that Redemption Ranch's primary facility is located within the Eastern District of Texas and that venue is proper in this Court. Defendants deny all remaining allegations.

22. Defendants deny that Plaintiff was an "employee" as alleged. Defendants admit that venue is proper under 28 U.S.C. § 1391. Defendants deny all remaining allegations.

## IV.     COVERAGE UNDER THE FLSA

23.     Defendants deny the allegations contained in this paragraph.

24.     Defendants deny the allegations contained in this paragraph.

25.     Defendants deny that they constituted an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as alleged. Defendants deny all remaining allegations in this paragraph.

26.     Defendants specifically deny that Redemption Ranch has had an annual gross volume of sales made or business done of not less than $500,000 as required by 29 U.S.C. § 203(s)(1)(A)(ii). This denial goes to the threshold requirement for enterprise coverage under the FLSA, which Defendants affirmatively contest. Defendants deny all remaining allegations in this paragraph.

27.     Defendants deny that Plaintiff was an "employee" within the meaning Section 3(e) of the FLSA, 29 U.S.C. § 203(e)(1), at any time relevant to this action, or that Plaintiff was "engaged in commerce" as required by 29 U.S.C. § 207 in the manner alleged. Defendants deny all remaining allegations.

28.     Defendants deny the allegations in this paragraph, including that Plaintiff's use of incidental items such as cell phones or computers in connection with program activities constitutes being "engaged in commerce" within the meaning of 29 U.S.C. § 203(b) so as to establish individual FLSA coverage.

## V.     FACTUAL ALLEGATIONS

29.     Defendants admit that Redemption Ranch provides residential alcohol and drug addiction treatment and recovery services at its facility located in Athens, Texas. Defendants deny all remaining allegations.

30. Defendants deny that Mr. Foster was "employed" as a House Manager within the meaning of the FLSA. Defendants admit that Mr. Foster performed certain functions at the facility that may have been associated with the House Manager role.

31. Defendants deny the allegations contained in this paragraph.

32. Defendants deny the allegations contained in this paragraph.

33. Defendants deny the allegations contained in this paragraph.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

36. Defendants deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants deny the allegations contained in this paragraph.

42. Defendants deny the allegations contained in this paragraph.

43. Defendants deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in this paragraph.

45. Defendants deny the allegations contained in this paragraph.

46. Defendants deny the allegations contained in this paragraph.

47. Defendants admit that Plaintiff was associated with the facility during the approximate period identified. Defendants deny that this association constituted "employment" within the meaning of the FLSA.

48. Defendants deny the allegations contained in this paragraph.

49. Defendants deny the allegations contained in this paragraph.

50.    Defendants deny the allegations contained in this paragraph.

51.    Defendants deny the allegations contained in this paragraph.

52.    Defendants deny the allegations contained in this paragraph.

53.    Defendants deny the allegations contained in this paragraph.

54.    Defendants deny the allegations contained in this paragraph.

55.    Defendants deny the allegations contained in this paragraph.

56.    Defendants deny the allegations contained in this paragraph.

## VI.    CAUSE OF ACTION

57.    Defendants incorporate their responses to paragraphs 1 through 56 as set forth herein.

58.    Defendants deny the allegations in this paragraph in their entirety, including that Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), or that Plaintiff was covered by the FLSA. Defendants deny that no excuse, legal justification, or exemption applies, and specifically assert that one or more exemptions and defenses apply as set forth herein.

59.    Defendants deny the allegations contained in this paragraph.

60.    Defendants deny the allegations contained in this paragraph.

61.    Defendants deny the allegations contained in this paragraph.

62.    Defendants deny that Plaintiff is entitled to liquidated damages or any other damages alleged.

63.    Defendants deny that Plaintiff is entitled to any of the relief requested, including unpaid overtime, minimum wage compensation, liquidated damages, attorneys' fees, costs, or any other relief.

## VII.    PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in his Prayer for Relief, or any other relief whatsoever, and respectfully request that this Court dismiss Plaintiff's claims with

prejudice, award Defendants their costs of court, and grant such other and further relief to which Defendants may be justly entitled.

## VIII.   AFFIRMATIVE DEFENSES

64. Without waiving any of the foregoing denials, Defendants assert the following affirmative and additional defenses. By asserting these defenses, Defendants do not assume the burden of proof with respect to any matters as to which Plaintiff bears the burden of proof under applicable law. Defendants reserve the right to amend or supplement these defenses as discovery proceeds.

**A.     FIRST AFFIRMATIVE DEFENSE: Failure to Meet Enterprise Coverage Threshold**

65. Plaintiff's claims are barred, in whole or in part, because Redemption Ranch Outreach, Inc. does not qualify as an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1). Specifically, Defendants deny that Redemption Ranch has had or has an annual gross volume of sales made or business done of not less than $500,000, as required to establish enterprise coverage under the FLSA. As a faith-based nonprofit organization operating a residential addiction recovery program, Redemption Ranch operates at a financial loss and does not meet the statutory revenue threshold. Absent enterprise coverage, Plaintiff's FLSA claims fail as a matter of law.

**B.     SECOND AFFIRMATIVE DEFENSE: Failure to Establish Individual Coverage**

66. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not individually covered by the FLSA. Plaintiff was not engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207 in any manner sufficient to establish individual coverage under the Act. The incidental and occasional use of items such as cell phones and computers in connection with a nonprofit residential recovery program does not satisfy the individual coverage requirements of the FLSA.

### C.   THIRD AFFIRMATIVE DEFENSE: Plaintiff Was Not an Employee — Economic Realities Test

67. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not an "employee" of Defendants within the meaning of the FLSA. Under the economic realities test applicable in the Fifth Circuit, Plaintiff was an independent contractor and not an employee. Among other factors, Plaintiff exercised meaningful control over his work and his services were not integral to the core operations of a nonprofit addiction recovery ministry.

### D.   FOURTH AFFIRMATIVE DEFENSE: Good Faith — Bar to Liquidated Damages

68. Plaintiff's claim for liquidated damages is barred because Defendants acted in good faith and had reasonable grounds for believing that their actions and omissions did not violate the FLSA, as provided by 29 U.S.C. § 260. Defendants' good faith is evidenced by, among other things, the genuine legal ambiguity regarding the employment status of individuals associated with residential recovery programs, Defendants' reasonable belief that Plaintiff was properly classified as an independent contractor, and the absence of clear precedent establishing that individuals in Plaintiff's position are employees covered by the FLSA.

### E.   FIFTH AFFIRMATIVE DEFENSE: Two-Year Statute of Limitations — Absence of Willfulness

69. Plaintiff's claims are barred, in whole or in part, by the applicable two-year statute of limitations set forth in 29 U.S.C. § 255(a). Any recovery is limited to the two-year period preceding the filing of this action. Plaintiff is not entitled to the three-year limitations period applicable to "willful" violations because Defendants did not willfully violate the FLSA. Defendants' conduct was not willful within the meaning of *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), as Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

**F. SIXTH AFFIRMATIVE DEFENSE: Setoff for In-Kind Compensation and Benefits Provided**

70. Plaintiff's claims are subject to setoff and offset to the extent Plaintiff received in-kind compensation, benefits, housing, meals, or other items of value from Defendants during the period at issue. To the extent such items constitute wages or compensation under the FLSA, their reasonable value must be credited against any alleged wage deficiency. Defendants are entitled to assert all available credits and offsets against any amounts found to be owing.

**G. SEVENTH AFFIRMATIVE DEFENSE: Hours Not Worked — Failure to Establish Hours and Damages**

71. Plaintiff's claims are barred or limited because Plaintiff cannot meet his burden of proving, with reasonable certainty, the number of hours actually worked for which compensation was due. To the extent Plaintiff's claimed hours include time that was not spent performing compensable work — including time spent on personal activities or sleeping, — such time is not compensable under the FLSA and must be excluded from any damages calculation.

**H. EIGHTH AFFIRMATIVE DEFENSE: No Individual Liability — Michael Householder**

72. Plaintiff's claims against Michael Householder individually are barred because Mr. Householder does not meet the definition of "employer" under the FLSA's economic realities test as applied to individual liability. Plaintiff's claims against Mr. Householder in his individual capacity should be dismissed.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Redemption Ranch Outreach, Inc. d/b/a Padres Place Recovery and Michael Householder, Individually, respectfully pray that this Court:

    a. Enter judgment in favor of Defendants and against Plaintiff on all claims asserted herein;

b. Dismiss Plaintiff's Original Complaint with prejudice;

c. Award Defendants their costs of court and attorneys' fees to the extent permitted by law; and

d. Grant Defendants such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

**THE MAZINGO FIRM, P.C.**

By: _____
Jason D. Mazingo
State Bar No. 24055925
118 West Houston Street
Tyler, Texas 75702
Phone: (903) 630-7123
Fax: (903) 218-7849
Jason@MazingoFirm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, a true and correct copy of the foregoing Defendants' Original Answer and Affirmative Defenses was served on all counsel of record through the Court's ECF/CM system.

_____
Jason D. Mazingo