## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| EVAN FOSTER,<br>*Plaintiff,*<br><br>v.<br><br>REDEMPTION RANCH OUTREACH,<br>INC., D/B/A PADRES PLACE<br>RECOVERY, AND MICHAEL<br>HOUSEHOLDER, INDIVIDUALLY,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:25-cv-00522-JDK |

## DEFENDANTS' VERIFIED SUMMARY OF HOURS WORKED RATE OF PAY, AND WAGES PAID

Pursuant to the Court's Scheduling Order (FLSA Case) entered March 16, 2026 (Doc. 11), Defendants Redemption Ranch Outreach, Inc. d/b/a Padres Place Recovery ("Redemption Ranch") and Michael Householder, individually (collectively "Defendants"), respectfully submit the following Verified Summary of hours worked, rate of pay, and wages paid with respect to Plaintiff Evan Foster during the claimed period of engagement.

## I. PRELIMINARY STATEMENT REGARDING TIME RECORDS

Plaintiff Evan Foster was engaged by Defendants as an independent contractor — not as an employee — during the period September 8, 2024 through November 4, 2025. As a result of this classification, Defendants did not maintain daily or weekly time records reflecting hours worked by Mr. Foster in the manner contemplated for employees under 29 U.S.C. § 211(c). The submission of this Verified Summary is made pursuant to the Court's Order and does not constitute an admission that Mr. Foster was an employee, that enterprise or individual coverage under the FLSA applies, or that Defendants violated any provision of the FLSA.

## II. AGREED RATE OF COMPENSATION

The parties agreed that Mr. Foster would receive a flat fee of $1,200.00 per calendar month for his services as House Manager/Live-In Technician. No hourly rate was established, and no overtime premium was agreed upon or paid. Beginning on or about March 17, 2025, Defendants withheld $70.00 per month for Mr. Foster's voluntary enrollment in a group vision and dental insurance plan.

## III. INCOME WITHHOLDING FOR CHILD SUPPORT

In addition to the insurance deduction, Defendants were subject to an Income Withholding Order ("IWO") requiring them to withhold and remit $483.20 per month to the Texas State Disbursement Unit ("SDU") on account of Mr. Foster's child support obligation. These payments appear in Defendants' bank records as "TEXAS SDU/CHILDSUPP" transactions debited from the Padre's Place LLC business checking account (VeraBank Account No. ending 2351). The withholding of child support pursuant to a court-ordered IWO is a legal obligation; these funds were disbursed to

the State of Texas on Mr. Foster's behalf and do not represent a reduction in the agreed compensation owed to Mr. Foster.

Accordingly, the full $1,200.00 monthly compensation was earned by and attributed to Mr. Foster each month; the IWO withholding and insurance deduction merely affected the net amount of each direct deposit remitted to him personally.

## IV. HOURS WORKED

Because Mr. Foster was engaged as an independent contractor, Defendants did not track the number of hours worked by Mr. Foster during each pay period. Defendants are therefore unable to provide a pay-period-by-pay-period accounting of regular or overtime hours worked from their own records. Defendants dispute Plaintiff's claimed hours and reserve the right to contest same through discovery and at trial.

In the absence of time records, and in an effort to be as upfront as possible about Mr. Foster's work, Defendants have prepared a summary of a typical day for Mr. Foster at Padre's Place.

## DAILY WORK SUMMARY

| Morning Duties (6:30 AM – 9:00 AM) | |
|---|---|
| • Wake clients and oversee morning routine<br>• Assist with chores and medication distribution | Total Active Time: Approximately 30–60 minutes |
| **Partial Hospitalization Program Programming (9:00 AM – 3:00 PM)** | |
| • Clients attend Zoom-based programming independently<br>• Only minimal or occasional supervision required<br><br>Note: During this time, Evan Foster routinely sat idle, used his phone, and left the premises for personal errands | Total Active Time: Approximate 0–60 minutes |
| **Midday Duties (12:00 PM – 1:00 PM)** | |
| • Unlock kitchen and set out lunch | Total Active Time: Approximately 10–15 minutes |
| **Afternoon Free Time (3:00 PM – 5:00 PM)** | |
| • No required duties | Total Active Time: 0 hours |
| **Evening Duties (5:00 PM – 8:45 PM)** | |
| • Dinner coordination<br>• Occasional transport to meetings<br>• Night medication distribution | Note: Transportation duties were not performed daily and were often declined by Evan Foster, particularly at night.<br>Total Active Time: Approximately 45–90 minutes |
| **Late Evening (8:45 PM – 10:00 PM)** | |
| • No required duties | Total Active Time: 0 hours |
| **Total Estimated Daily Hours Worked** | |
| • Estimated Daily Active Work: Approximately 2 to 4 hours | |

DEFENDANTS' VERIFIED SUMMARY OF HOURS WORKED
RATE OF PAY, AND WAGES PAID - Page 2 of 5

| Total Estimated Weekly Hours Worked |
|---|
| • Estimated Weekly Total: Approximately 21 hours per week |

Mr. Foster was not required to remain actively engaged throughout the day; he was free to leave the premises and he did so frequently. And he frequently did not engage in the above outlined activities.

## V. SUMMARY OF COMPENSATION — ALL PAY PERIODS

The following table summarizes the agreed monthly compensation, child support withholding, insurance deductions, and net payments to Evan Foster for each monthly period of the alleged engagement. Documentation supporting the payments below, including Defendants' QuickBooks contractor payment records and VeraBank business checking account statements, is being served on Plaintiff's counsel concurrently herewith but not filed with the Court.

| Pay Period | Pay Date (Approx.) | Gross Comp. | Child Support Withholding (IWO) | Ins. Ded. | Net to Foster |
|---|---|---|---|---|---|
| 09/08–09/30/2024 | ~10/01/2024 | $1,200.00 | — | — | ~$1,200.00† |
| 10/01–10/31/2024 | ~11/01/2024 | $1,200.00 | — | — | ~$1,200.00† |
| 11/01–11/30/2024 | 11/05/2024 | $1,200.00 | — | — | $1,208.00‡ |
| 12/01–12/31/2024 | 12/05/2024 | $1,200.00 | — | — | $1,208.00‡ |
| 01/01–01/31/2025 | 01/06/2025 | $1,200.00 | — | — | $1,208.00‡ |
| 02/01–02/28/2025 | 02/05/2025 | $1,200.00 | $483.20 | — | $724.80 |
| 03/01–03/31/2025 | 03/05/2025 | $1,200.00 | $483.20 | $70.00 | $646.80 |
| 04/01–04/30/2025 | 04/04/2025 | $1,200.00 | $483.20 | $70.00 | $646.80 |
| 05/01–05/31/2025 | 05/05/2025 | $1,200.00 | $483.20 | $70.00 | $646.80 |
| 06/01–06/30/2025 | 06/05/2025 | $1,200.00 | $483.20 | $70.00 | $646.80 |
| 07/01–07/31/2025 | 07/03/2025 | $1,200.00 | $483.20 | $70.00 | $646.80 |
| 08/01–08/31/2025 | 08/05/2025 | $1,200.00 | $483.20 | $70.00 | $646.80 |
| 09/01–09/30/2025 | ~09/05/2025 | $1,200.00 | $483.20 | $70.00 | $646.80† |
| 10/01–10/31/2025 | ~10/05/2025 | $1,200.00 | $483.20 | $70.00 | $646.80† |

**DEFENDANTS' VERIFIED SUMMARY OF HOURS WORKED RATE OF PAY, AND WAGES PAID - Page 3 of 5**

| Pay Period | Pay Date (Approx.) | Gross Comp. | Child Support Withholding (IWO) | Ins. Ded. | Net to Foster |
|---|---|---|---|---|---|
| 11/01– 11/04/2025 | ~11/05/2025 | $1,200.00 | $483.20 | $70.00 | Pro-rated† |

† **Periods not yet confirmed by direct documentation.** Defendants' available QuickBooks accounting records reflect payments beginning November 2024. Defendants believe payments were made for September and October 2024, and for September through November 2025, by check or through payment methods not captured in the QuickBooks export. Defendants' bank records confirm that income withholding remittances to the Texas SDU in the amount of $483.20 appear beginning in the bank statements available for 2025 and continuing through at least November 2025, which corroborates that compensation payments were being made in those months. Defendants will supplement these records upon locating all supporting documentation.

‡ **November 2024 through January 2025 payments.** The QuickBooks records reflect payments of $1,208.00 for these months. The income withholding order does not appear to have been in effect or honored during this period, as no corresponding Texas SDU debits appear in the available bank statements for this period. The $8.00 excess over the agreed $1,200.00 rate may reflect a minor administrative adjustment; Defendants are investigating.

## VI. OVERTIME COMPENSATION

No overtime compensation was paid to Evan Foster at any time during his engagement. Defendants did not consider Mr. Foster eligible for overtime because he was engaged as an independent contractor.

## VII. RESERVATION OF RIGHTS

This Verified Summary is submitted in compliance with the Court's Scheduling Order and is based on records currently available. Nothing herein constitutes an admission of any fact or legal conclusion in Plaintiff's Complaint. Defendants reserve all rights and defenses, including but not limited to: (1) denial that Plaintiff was an employee subject to the FLSA; (2) denial that enterprise coverage is satisfied; (3) denial of Plaintiff's claimed hours and damages; (4) the live-in employee provisions under 29 U.S.C. § 207; and (5) all affirmative defenses pleaded in Defendants' Answer.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in Smith County, State of Texas, on March 23, 2026.

Michael Householder
Redemption Ranch Outreach, Inc. d/b/a Padre's Place Recovery

Respectfully submitted,

**THE MAZINGO FIRM, P.C.**

By: _____

Jason D. Mazingo
State Bar No. 24055925
118 West Houston Street
Tyler, Texas 75702
Phone: (903) 630-7123
Fax: (903) 218-7849
Jason@MazingoFirm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, a true and correct copy of the foregoing Defendants' Verified Summary was served on all counsel of record through the Court's ECF/CM system.

_____

Jason D. Mazingo